# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD JAY KRAVETZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67240

FILED

JAN 25 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder of a victim 60 years of age or older, battery resulting in substantial bodily harm constituting domestic violence, and two counts of abuse and/or neglect of an older person resulting in substantial bodily or mental harm or death. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Richard Kravetz asserts several assignments of error, including that the district court erred in admitting evidence of prior bad acts under NRS 48.045(2). We disagree.[1]

---

[1] We note that Kravetz also appeals his conviction based on sufficiency of the evidence. After considering this claim, we conclude that it lacks merit. *See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (explaining that the standard of review when analyzing the sufficiency of the evidence "in a criminal case is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (internal quotation omitted)); *see also West v. State*, 119 Nev. 410, 415-18, 75 P.3d 808, 812-14 (2003) (holding that circumstantial evidence creating a reasonable inference that the victim died because of a criminal act instead of natural causes sufficed to support the murder conviction, despite an inability to determine the actual cause of the

This court reviews a district court's decision to admit evidence of prior bad acts for an abuse of discretion and will not reverse that decision absent manifest error. *Chavez v. State*, 125 Nev. 328, 345, 213 P.3d 476, 488 (2009). Further, we "may review plain error or issues of constitutional dimension sua sponte despite a party's failure to raise an issue below." *Murray v. State*, 113 Nev. 11, 17, 930 P.2d 121, 124 (1997). To admit evidence of prior acts, the district court must first "determine that: (1) the incident is relevant to the crime charged; (2) the act is proven by clear and convincing evidence; and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." *Chavez*, 125 Nev. at 345, 213 P.3d at 488 (internal quotations omitted). Although evidence of prior bad "acts is not admissible to prove the character of a person," it may be admitted "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." NRS 48.045(2).

Here, Kravetz failed to object to the majority of the evidence of prior bad acts, and thus, he has waived his objections on appeal. Notwithstanding this waiver, we find no plain error upon review of the record. Further, even the evidence of prior bad acts to which Kravetz did object only constituted a small portion of the State's case. In light of the strong evidence against Kravetz, our review of the record reveals that any error on the part of the district court was harmless. *See Rosky v. State*, 121 Nev. 184, 198, 111 P.3d 690, 699 (2005) ("Errors in the admission of

victim's death). Moreover, we have considered Kravetz's other assertions of error (regarding the admission of the victim's statements, certain expert testimony, and cell phone location evidence, the jury instructions on felony murder and reasonable doubt, and cumulative error), and we conclude that they lack merit.

evidence under NRS 48.045(2) are subject to a harmless error review."). Thus, we conclude that Kravetz is not entitled to the reversal of his conviction. Based on the foregoing, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc: Hon. David B. Barker, District Judge
Christopher R. Oram
The Law Firm of Joseph H. Low, IV
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk